UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEJERRY P.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 26-10814<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 16, 17)**

## I. Introduction

Plaintiff DeJerry P. appeals the decision of Defendant Commissioner of Social Security (Commissioner) denying his application for supplemental security income (SSI) under the Social Security Act (SSA). Both parties consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c) and move for summary judgment. ECF No. 14; ECF No. 16; ECF No. 17.

After a hearing below, an administrative law judge (ALJ) found:

1. Plaintiff had not engaged in substantial gainful activity since January 23, 2023, the application date. ECF No. 12-1, PageID.53.

2. Plaintiff had the following severe impairments: lumbar spine scoliosis and mild degenerative sclerosis; borderline intellectual function; ADHD; antisocial personality disorder; bipolar I disorder; schizoaffective disorder; PTSD; and generalized anxiety disorder. *Id*.

3. None of plaintiff's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id*., PageID.54.

4. Plaintiff had the residual functional capacity (RFC) to perform light work except he can frequently climb ramps or stairs. He cannot work in high, unprotected places, or around moving mechanical parts. He can understand, remember and carry out simple instructions, in work that has only occasional changes in the work setting, and that involves only occasional interaction with others. *Id.*, PageID.57.

5. Plaintiff had no past relevant work, had a limited education, and was 33 years old on the date the application was filed. *Id.*, PageID.63.

6. Consistent with plaintiff's background and his RFC, there were jobs in significant numbers in the national economy that plaintiff could perform, such as a small products assembler, packer, and housekeeping cleaner. *Id.*, PageID.64.

7. Plaintiff was therefore not disabled under the SSA. *Id.*

## II. Analysis

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

[1] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff's one-page, under-developed argument contends that the ALJ (1) failed to evaluate Listing 12.03 concerning plaintiff's severe schizoaffective disorder, and (2) failed to consider the combined effect of plaintiff's severe impairments as a whole. ECF No. 16, PageID.2528. His

brief barely refers to the record and fails to meaningfully apply the applicable legal standards to the facts and the ALJ's decision.

Plaintiff asserts that he has a full-scale IQ of 64 and suffers "from disturbances of mood, paranoia and flat affect," but he provides no citations to the record for support. *Id.*[2] He also argues that "it was error to not find that [plaintiff] met the 12.03 listing and award disability" while offering no analysis explaining *why* the ALJ's conclusion was erroneous. *Id.* Plaintiff further makes only a conclusory argument that the ALJ erred by not considering the combined effect of plaintiff's severe impairments. *Id.*

And Plaintiff cites three decades-old opinions without explaining their relevance to his arguments or applying them to this case.

**Case Citations**

Mitchell vs. Schweiker 699 Federal 2D (1983)

Romero vs. Secretary of Health 707 F Supp 249 (1989)

Ekeland vs. Bowen 899 Federal 2D 719 (1990)

[2] Plaintiff's citations also violated the Court's practice guidelines and Rule 6 of the Eastern District of Michigan's Electronic Filing Policy and Procedures by not citing the record using PageID numbers. *See* ECF No. 13, PageID.2521.

*Id.*, PageID.2529.[3] The citation to *Mitchell* is not even complete, as it lacks a page number.

Court in this circuit have repeatedly held that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Cockrun v. Berrien Cnty., Mich.*, 101 F.4th 416, 419 (6th Cir. 2024) (cleaned up). A party may not "mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (cleaned up). And the Court has no obligation to scour the record on plaintiff's behalf to develop his arguments. *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 754 (6th Cir. 2011). The Court finds that plaintiff has waived his arguments here.

## III. Conclusion

The Court **DENIES** plaintiff's motion for summary judgment (ECF No. 16), **GRANTS** the Commissioner's motion for summary judgment (ECF No.

[3] In plaintiff's reply brief, ECF No. 18, Wilensky does somewhat expand upon the skeletal arguments raised in plaintiff's opening brief, but the reply brief cannot be used as an opportunity to develop arguments that should have been properly fleshed out in the opening brief. *See Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 247 (6th Cir. 2018) (finding an argument made only in a reply brief was forfeited on appeal); *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (issues not properly raised in an opening district court brief are waived).

17), and **AFFIRMS** the ALJ's decision under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 4, 2026

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 4, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager